IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CINGULAR WIRELESS, LLC,**<br><br>             **Plaintiff,**<br><br>   v.<br><br>**HISPANIC SOLUTIONS, INC., d/b/a SUPERPROMO USA, MARGARITA F. MARTUL, MARKETING STRATEGY LEADERS, INC., MARKETING LEADERS, INC., ADRIAN E. ABRAMOVICH, JOHN DOES 1-100 and XYZ CORPS. 1-100,**<br><br>             **Defendants.** | **1:06-cv-2695-WSD** |

## OPINION AND ORDER

This matter is before the Court on Cingular Wireless LLC's Motion for Expedited Discovery [2] and Motion to Preserve Computer and Other Evidence [3].

*Background*

This action was filed by Cingular Wireless LLC ("Cingular") on November 3, 2006 [1].  Cingular's claims are alleged against Hispanic Solutions, Inc. d/b/a Superpromo USA, Margarity F. Martul, Marketing Strategy Leaders,

Inc., Marketing Leaders, Inc. Adrian E. Abrmaovich, (the "Named Defendants") and 100 John Doe Defendants and 100 unnamed company Defendants (the "Unnamed Defendants").  In the Complaint Plaintiff alleges, on information and belief, that the Named Defendants made "unsolicited telemarketing calls to Cingular subscribers on their wireless phones, including calls made to Cingular company official use accounts, by using an autodialer."  (Complaint [1], ¶ 12.) Cingular alleges further that the following three telephone numbers were used to place these automated calls: 786-718-9058, 786-316-0623 and 305-350-7464.  (Id. ¶ 13.) (collectively, the "Telephone Numbers").  The Complaint alleges that Cingular's facilities indicated that the 786-718-9058 number was being used at a rate of two calls per second, that certain "blog" chat indicated that 786-718-9058 was used for unsolicited telemarketing calls, and that Cingular's records indicated that the 786-316-0623 and 305-350-7464 numbers are reseller accounts which Cingular alleges "are often used for telemarketing purposes."  (Id. ¶¶ 14, 16.)

*Discussion*

    Plaintiff has moved to "immediately commence discovery, as it is the only method to identify and locate John Does 1-100 and XYZ Crops. 1-100. . ., and to prevent the routine, accidental or intentional destruction of evidence necessary for

trial." (Memorandum in Support Cingular Wireless LLC's Motion for Expedited Discovery at 2.) The allegations of the Complaint do not describe, on information and belief, or otherwise, what role, if any, the Unnamed Defendants had in the use of the identified telephone numbers or how they may be connected to the claims alleged. The memorandum submitted in support of Cingular's motion for expedited discovery does not elaborate even concerning the potential roles of the Unnamed Defendants. Cingular states only that

> [b]y seeking expedited discovery against the named Defendants, Cingular intends to identify unnamed defendants who may be harming Cingular by illegally making outgoing Telemarketing Calls to Cingular subscribers using an autodialing mechanism and prerecorded messages. Cingular believes that the named Defendants either works [sic] with the Doe Defendants or knows [sic] the Doe Defendants and will identify them to Cingular during expedited discovery.

(Id. at 5.) Cingular does not provide a factual basis for its belief that "[d]iscoverable evidence may be routinely or accidentally destroyed or relocated," if expedited discovery is not allowed.

Cingular's request for expedited discovery, while not well-supported, appears to be based on the premise that people who improperly engage

telecommunication systems for spamming purposes are likely to evade discovery and may be capable of destroying information.  The Court, based on its experience, generally accepts this proposition.  The Court notes that Cingular has not been able to locate even the Named Defendants.  Cingular should be allowed to engage in discovery to locate the Named Defendants so they may be served, and so any information possessed by them may be made preserved.

The Court is not, however, inclined to allow Cingular unfettered discretion to conduct discovery regarding individuals or entities about which it Cingular has not provided even generic identifying information, and whose role in the conduct alleged in the Complaint is unknown.  The Court is unwilling to risk unnecessary discovery or discovery unfairly directed at parties not involved in, nor reasonably believed to have information regarding, the suspicions upon which the Complaint is based.  That is, Cingular simply has not provided a sufficient factual basis or factual predicate for the Court to evaluate whether the unspecified expedited discovery requested will be reasonable or appropriate, and the Court is unwilling to write Cingular a blank check to draw on the Court's authority.

Based on the limited information provided by Cingular, the Court is willing to allow limited expedited discovery regarding the Named Defendants.  Cingular

may also present further information to the Court articulating with greater specificity what further discovery it seeks to conduct.

Accordingly,

**IT IS HEREBY ORDERED** that Cingular Wireless LLC's Motion for Expedited Discovery [2] and Motion to Preserve Computer and Other Evidence [3] are **GRANTED IN PART** and **DENIED IN PART.**  Cingular may conduct discovery:

>   1.  To identify the current location of the Named Defendants;
>
>   2.  Requiring the Named Defendants to provide information regarding the claims asserted in the Complaint, including information relating to the "Telephone Numbers" and their alleged use for telemarketing; and
>
>   3.  Seeking from third parties the information relating to the Telephone Numbers and their use.

If Cingular requests to conduct expedited discovery in addition to be allowed by this order, it may request such discovery by setting forth in detail the specific discovery requested, to whom it is intended to be directed, the form of the discovery and the timetable for conducting it.

**SO ORDERED** this 1st day of December, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE